IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EMPIRE FIRE AND MARINE INSURANCE COMPANY,

                Plaintiff,

-against-

JOSEPH ALGERIO,

                Defendant,

-and-

ALI KAZIM, STAR CRUISER TRANSPORTATION,
ENTERPRISE HOLDINGS, INC. and DENNISE DIPPOLITO,

                Nominal Defendants.

Docket No.:

## COMPLAINT – CIVIL ACTION
### [DECLARATORY JUDGMENT]

Plaintiff, EMPIRE FIRE AND MARINE INSURANCE COMPANY ("EMPIRE"), by its attorneys, White Fleischner & Fino, LLP, as and for a Complaint against Defendant JOSEPH ALGERIO and Nominal Defendants ALI KAZIM, STAR CRUISER TRANSPORTATION, ENTERPRISE HOLDINGS, INC. and DENNISE DIPPOLITO, respectfully alleges, upon information and belief, as follows:

1. Plaintiff, EMPIRE FIRE AND MARINE INSURANCE COMPANY, brings this action seeking a declaration that it has no obligation to defend or indemnify defendant JOSEPH ALGERIO against the underlying lawsuit entitled *Dennise Dippolito v. Ali Kazim, Star Cruiser Transportation, Enterprise Rent-a-Car[1] and Joseph Algerio*, Index No. 004780/2012, filed in the

---

[1] The defendant in the underlying *Dippolito* action is "Enterprise Rent-a-Car"; the Nominal Defendant in this action is Enterprise Holdings, Inc., which is the parent company of Enterprise Rent-a-Car and the Named Insured on the Empire Fire and Marine Insurance Company policy at issue in this matter.

Supreme Court of the State of New York, Kings County, because Mr. ALGERIO does not qualify as an Insured pursuant to the EMPIRE Policy's "Who is an Insured" provision; and hence, is not entitled to any defense or indemnity coverage and/or coverage is excluded to him. Even if he qualified as an Insured, Mr. ALGERIO'S failure to cooperate is a breach of his duties under the Policy's "Insured's Duties After a Loss" Condition, and this breach precludes his right to coverage. In addition, even if Mr. ALGERIO qualified as an insured, there would be no coverage for Ms. DIPPOLITO'S claim because, upon information and belief, Ms. DIPPOLITO and Mr. ALGERIO are married, while the Policy excludes coverage for any loss arising out of bodily injury or property damage sustained by the spouse of the operator of the rental vehicle.

## THE PARTIES

2. Plaintiff, EMPIRE FIRE AND MARINE INSURANCE COMPANY, is a domestic corporation with its principal place of business in Omaha, Nebraska.

3. Upon information and belief, defendant JOSEPH ALGERIO is an individual who resides in Pennsylvania.

4. Upon information and belief, nominal defendant ALI KAZIM is an individual who resides at 1311 Avenue K, Apt. 1D, Brooklyn, New York 11233.

5. Upon information and belief, nominal defendant STAR CRUISER TRANSPORTATION, INC. is a domestic corporation with its principal place of business at 2210 East 69th Street, Brooklyn, New York 11234.

6. Upon information and belief, nominal defendant ENTERPRISE HOLDINGS, INC. is a domestic corporation with its principal place of business in St. Louis, Missouri.

7. Upon information and belief, nominal defendant DENNISE DIPPOLITO is an individual who resides in New York.

## VENUE AND JURISDICTION

8. The amount in controversy exceeds the sum or value of Seventy Five Thousand ($75,000.00) Dollars exclusive of interest and costs and this is an action between citizens of different states. Thus, diversity jurisdiction is proper pursuant to 28 U.S.C. §1332.

9. Venue is proper under 28 U.S.C. §1391 as one or more defendants reside in this judicial district or a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

10. This is a case or controversy arising in this judicial district sufficient to permit a declaratory judgment under 28 U.S.C. § 2201.

## UNDERLYING DIPPOLITO LAWSUIT

11. On or about February 22, 2012, DENNISE DIPPOLITO commenced an action in the Supreme Court of the State of New York, Kings County, against ALI KAZIM, STAR CRUISER TRANSPORTATION, ENTERPRISE RENT-A-CAR and JOSEPH ALGERIO seeking to recover for personal injuries she allegedly suffered as a result of an auto accident on January 16, 2011 that occurred on a public roadway known as 1545 East 12th Street, in the County of Kings, City and State of New York.

12. The Underlying Plaintiff DIPPOLITO alleges that at the time of the accident, she was a passenger in a motor vehicle owned by ENTERPRISE RENT-A-CAR and operated by JOSEPH ALGERIO. This vehicle came into contact with a vehicle owned by STAR CRUISER TRANSPORTATION INC. and operated by ALI KAZIM.

13. The Underlying Plaintiff DIPPOLITO further alleges that the Underlying Defendants negligently, carelessly and recklessly breached their duty to drive as reasonably prudent persons under similar circumstances and, as a result of their negligence, she sustained

serious and permanent injuries, which caused unspecified monetary damages. A true and accurate copy of the Summons and Complaint in the Underlying DIPPOLITO Lawsuit are annexed hereto as **Exhibit "A"**.

## ALGERIO RENTAL INFORMATION

14. On January 13, 2011, defendant JOSEPH ALGERIO rented a vehicle from an ENTERPRISE RENT-A-CAR located at 2815 Coney Island Avenue, Brooklyn, New York 11235. A copy of the ALGERIO Rental Agreement is annexed hereto as **Exhibit "B."**

15. At the time of rental, defendant ALGERIO originally indicated that he wished to add Supplemental Rental Liability Insurance to his rental, but then requested that the coverage be removed and he did not pay for the coverage. A copy of ALGERIO'S Summary of Charges is annexed as **Exhibit "C."**

## EMPIRE FIRE AND MARINE INSURANCE COMPANY'S POLICY

16. EMPIRE FIRE AND MARINE INSURANCE COMPANY issued Supplemental Rental Liability Insurance to ENTERPRISE HOLDINGS, INC. for the policy period of August 1, 2010 to August 1, 2011. A true and accurate certified copy of the policy with premium and other proprietary information redacted is annexed hereto as **Exhibit "D."**

17. EMPIRE FIRE AND MARINE INSURANCE COMPANY has denied coverage to ALGERIO and reserved all rights under its policy.

18. The Coverage Insuring Agreements under Section I of the Policy for Bodily Injury and Property Damage and the New York-specific Endorsement and their relevant definitions state:

## SUPPLEMENTAL RENTAL LIABILITY INSURANCE
## POLICY PROVISIONS

*Throughout this policy the words "we", "us" or "our" refer to the Company named in the Declarations. The words "you" or "your" refer to the Insured. In addition, certain words or phrases identified by quotation marks are defined in SECTION III - DEFINITIONS.*

### SECTION I - LIABILITY INSURANCE

A. **COVERAGE**

1. *This policy provides excess auto liability insurance and only applies to a "loss" involving "bodily injury" and "property damage caused by an "accident" and resulting from the use of a covered "rental vehicle".*

2. *We will indemnify any "insured" for such "loss" in excess of the "underlying insurance" for which this coverage applies during the "coverage period", provided our liability shall apply only to the "ultimate net loss" in excess of such "underlying insurance".*

3. *We have no duty to defend any claim or "suit" made or brought against you if your "underlying insurance" has a duty to defend. However, we have the right and shall be given the opportunity to investigate and be associated in the defense and trial of any claim, "suit" or proceeding which in our opinion may create a liability on our part under this policy. If we exercise this right, we will assume our proportionate share of all court costs, legal fees, investigation costs and interest incurred with our consent. We will not defend any "suit" or make additional payments after we have paid or tendered our limit of liability for this coverage.*

\* \* \*

### SUPPLEMENTAL RENTAL LIABILITY INSURANCE
### NEW YORK

\*\*\*

### PROVISIONS

*Throughout this policy the words "we", "us" or "our" refer to the Insurance Company named in the Declarations. The words "you" or "your" refer to an Insured. In addition, certain words or phrases identified by quotation marks are defined in **PART VIII- Definitions.***

I. **Coverage Agreements**

A. *This policy provides excess auto liability insurance and only applies to a "loss" involving "bodily injury" and "property damage" caused by an "accident" and resulting from the use of a "Rental Vehicle" identified in the referenced "Rental Agreement" during the coverage period.*

B. *This is excess insurance and only applies to those coverages for which underlying limits of liability are shown on the Declarations of this policy.*

C. *Subject to **A. & B.** above, we will pay for the amounts of "loss"*

      1. *Exceeding the limits of liability of all "Underlying Insurance" stated in **ITEM 5** of the Declarations but only for the hazards insured in such "Underlying Insurance" and*

      2. *Only up to the limit of liability stated in the Declarations of this policy as our limits of liability.*

  **D.** *When the obligations of Underlying Insurers or Self-Insurers to defend you against suits or reimburse you for defense fees, costs, and expenses you incur stops because a limit of liability has been exhausted, we will pay for the reasonable additional defense fees, costs and expenses you incur in the defense of suits even if the allegations of the suit are groundless, false or fraudulent. Our duty to defend or settle ends when the Limit of Liability has been exhausted by payment of judgments or settlements. Defense fees, costs, and expenses, whether incurred by us or by you and which are covered under this policy, are in addition to our limit of liability.*

  **E.** *All provisions of the immediate "Underlying Insurance" are considered as part of this policy except any obligation to investigate, defend or pay for such costs and expenses of your defense.*

\*\*\*

### SECTION III - DEFINITIONS

A. *"Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".*

\*\*\*

C. *"Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.*

\*\*\*

E. *"Coverage period" means the period of time the "rental agreement" is in effect for the "rental vehicle" and the "rentee".*

F. *"Insured" means the person or organization qualifying as an insured in the <u>WHO IS INSURED</u> provision of SECTION I, Part B.*

G. *"Loss" means legal liability arising out of an "accident" involving a "rental vehicle" which occurs during the policy period.*

\*\*\*

J. *"Property damage" means damage to or loss of use of tangible property.*

\*\*\*

L. *"Rental vehicle" means the "auto" rented or leased by the "rentee" from the "policyholder" and described in the "rental agreement".*

\*\*\*

O. "Ultimate net loss" means all sums actually paid by an "insured", or for which an "insured" becomes legally obligated to pay, as damages in settlement or satisfaction of a "loss" for which insurance is provided by this policy, after deduction for all recoveries or salvage.

P. "Underlying insurance" means the policy or policies of insurance, bond, cash deposit or self insurance, maintained by the "policyholder" or "insured" which satisfy at least the Minimum Financial Responsibility requirements of the state where the accident occurred.

\*\*\*

**SUPPLEMENTAL RENTAL LIABILITY INSURANCE**
**NEW YORK**

\*\*\*

VIII. Definitions

A. "Accident" includes continuou   epeated exposure to the same conditions resulting in "bodily injury" or "property damage".

\*\*\*

D. "Bodily Injury" means bodily injury, sickness or disease sustained by a person as well as any injury damage or loss of services or care to others resulting from such bodily injury, sickness or disease, including but not limited to loss of consortium or injury to the relationship. "Bodily Injury" shall also include death resulting from any of the above. Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the Policy or any Endorsement attached thereto, except as herein set forth.

E. "Insured" means the person or organization qualifying as an insured in Section III. Who Is An Insured.

F. "Loss" means amounts paid in settlement of a claim or judgment for which you are legally liable. The amounts are subject to deductions for subrogation, salvage, and any recoveries available. Loss does not include costs of defense, interest on judgments, or other expenses paid in defense or investigation of the claim.

\*\*\*

H. "Property Damage" and "Damage" mean destruction of or loss of use of tangible property.

\*\*\*

K. "Rental Vehicle" means the motor vehicle rented or leased by a "Renter" from the "Rental Agent".

\*\*\*

    *N.*    *"Underlying Insurance" means the insurance listed on the Declarations of this policy, which provides the layer of coverage immediately preceding the layer of coverage by this policy. Underlying Insurance also means any plan of risk retention in which a program or procedure has been established other than insurance to meet the adverse result of a "loss".*

19.    EMPIRE FIRE AND MARINE INSURANCE COMPANY's Policy contains the following "Who Is An Insured" provisions:

    ***SECTION I - LIABILITY INSURANCE***

\*\*\*

**B.**    <u>**WHO IS AN INSURED**</u>

    *1.*    <u>*Only*</u> *the following are "insureds" under this policy:*

        *a.*    *The "Rentee" who has:*

            *(1)*    *Entered into a "rental agreement" with the "policyholder" shown in the Declarations; and*

            *(2)*    *Elected under the "rental agreement" to purchase optional "supplemental rental liability insurance"; and*

            *(3)*    *Paid for optional "supplemental rental liability insurance".*

        *b.*    *Additional authorized drivers whose names appear on the "rental agreement", where the "rentee" has complied with a. (1), (2), and (3) above.*

    *2.*    *The following are* <u>*not*</u> *insureds under this policy:*

        *a.*    *The "policyholder", "certificate holder" or owner of the "rental vehicle", or*

        *b.*    *Any employee, agent or family member of the "policyholder" or "certificate holder"; or*

        *c.*    *Any driver who is not an authorized driver under the terms of the "rental agreement", or whose name does not appear on the "rental agreement".*

\*\*\*

***SUPPLEMENTAL RENTAL LIABILITY INSURANCE***
***NEW YORK***

\*\*\*

***III.***    ***Who Is An Insured***

***A.***    *"Insured" means:*

1. A "Renter" who has:

   a. Entered into the referenced "Rental Agreement" with the "Rental Agency" shown in the Declarations; and

   b. Elected under the "Rental Agreement" to purchase optional "Supplemental Rental Liability Insurance"; and

   c. Paid for optional "Supplemental Rental Liability Insurance".

2. Additional "Authorized Drivers" whose names appear on the "Rental Agreement", where the "Renter" has complied with paragraphs, *A.1.a., b.,* and *c.* above.

B. "Insured" does not mean:

1. The "Rental Agency" or owner of the "Rental Vehicle", or

2. Any employee, representative or family member of the "Rental Agency"; or

3. Any driver who is not an "Authorized Driver" under the terms of the "Rental Agreement", or whose name does not appear on the "Rental Agreement".

\*\*\*

## SECTION III - DEFINITIONS

\*\*\*

H. "Policyholder" means the person or organization listed in the declarations, or its subsidiaries.

\*\*\*

K. "Rental agreement" means the rental contract by which the "rentee" rents or leases the "rental vehicle".

\*\*\*

M. "Rentee" means the person or organization who rents or leases a motor vehicle from the "policyholder".

N. "Supplemental rental liability insurance" means optional excess liability made available to and elected by a "rentee" for which premium is paid.

**SUPPLEMENTAL RENTAL LIABILITY INSURANCE**
**NEW YORK**

\*\*\*

VIII. Definitions

\*\*\*

J. "Rental Agreement" means the rental contract by which the "Rental Agent" rents or leases the "Rental Vehicle".

\*\*\*

    **M.**    *"Supplemental Rental Liability Insurance" means optional liability insurance elected by a "Renter" at the origin of a "Rental Agreement".*

20.    Further, the Policy contains the following Exclusion:

*V.*    *Exclusions*

*This insurance does not apply to:*

\*\*\*

    **P.**    *"Loss" arising out of the operation of a "Rental Vehicle" by a driver who is not an "Insured".*

\*\*\*

**SUPPLEMENTAL RENTAL LIABILITY INSURANCE**
**NEW YORK**

\*\*\*

*V.*    *Exclusions*

*This insurance does not apply to:*

\*\*\*

    **P.**    *"Loss" arising out of the operation of a "Rental Vehicle" by a driver who is not an "Insured".*

21.    EMPIRE FIRE AND MARINE INSURANCE COMPANY'S Policy also contains the following Conditions:

*VII.*    *Conditions*

    **A.**  *Insureds Duties After Loss - Whenever it appears that a "loss" is a likely to involve this policy, notice thereof shall be given to us, any "Agent" of Empire Fire and Marine Insurance Company or any office of the "Rental Agency". Such notice shall be deemed notice to Empire Fire and Marine Insurance Company. Additionally, each involved "Insured" must fully cooperate in the investigation, settlement or defense of the "loss". Failure to give any notice required by this policy within the time prescribed shall not invalidate any claim made by the "Insured" or by any other claimant if it shall be shown such notice was given as soon as reasonably possible.*

\*\*\*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

## COOPERATION CONDITIONS ENDORSEMENT

*This endorsement modifies insurance under the following:*

**Supplemental Rental Liability Insurance**
*With respects to coverage provided by this endorsement, the provisions of the coverage form apply unless modified by this endorsement.*

| Endorsement Effective Date | Policy No. |
|---|---|
| 08/01/2010 | SI0101826 |
| Named Insured | Countersigned by |
| ENTERPRISE HOLDING INC | |

*Authorized Representative*

*This endorsement changes the policy effective on the inception date of the policy unless another date is indicated above.*

**SECTION II CONDITIONS, A. LOSS CONDITIONS**, *are changed to read:*

\*\*\*

2. DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS.

    *We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:*

    a. *In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:*

        (1) *How, when and where the "accident" or "loss" occurred;*

        (2) *The "insured's" name and address; and*

        (3) *To the extent possible, the names and addresses of any injured persons and witnesses.*

    b. *Additionally, you and any other involved "insured" must:*

        (1) *Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.*

        (2) *Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".*

        (3) *Cooperate with us in the investigation or settlement of the claim or defense against the "suit".*

        (4) *Authorize us to obtain medical records or other pertinent information.*

        (5) *Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.*

        (6) *Agree to examinations under oath at our request and give us a signed statement of your answers.*

\*\*\*

**SUPPLEMENTAL RENTAL LIABILITY INSURANCE**
**NEW YORK**

\*\*\*

VII.  **Conditions**

    A.  *Insureds Duties After Loss - Whenever it appears that a "loss" is a likely to involve this policy, notice thereof shall be given to us, any "Agent" of Empire Fire and Marine Insurance Company or any office of the "Rental Agency". Such notice shall be deemed notice to Empire Fire and Marine Insurance Company. Additionally, each involved "Insured" must fully cooperate in the investigation, settlement or defense of the "loss". Failure to give any notice required by this policy within the time prescribed shall not invalidate any claim made by the "Insured" or by any other claimant if it shall be shown such notice was given as soon as reasonably possible.*

22.  In addition, the New York - specific endorsement to EMPIRE FIRE AND MARINE INSURANCE COMPANY's Policy contains the following Exclusion:

**SUPPLEMENTAL RENTAL LIABILITY INSURANCE**
**NEW YORK**

\*\*\*

V.  **EXCLUSIONS**

    *This insurance does not apply to:*

\*\*\*

    Q.  *"Loss" arising out of "bodily injury" or "property damage" sustained by the spouse of the operator of the "Rental Vehicle."*

## COUNT I
## DECLARATION BY THE COURT THAT EMPIRE FIRE AND MARINE INSURANCE COMPANY HAS NO OBLIGATION TO DEFEND JOSEPH ALGERIO OR TO PROVIDE INDEMNITY COVERAGE FOR THE UNDERLYING DIPPOLITO LAWSUIT BECAUSE JOSEPH ALGERIO DOES NOT QUALIFY AS AN INSURED ON THE POLICY

23. The Plaintiff repeats, re-alleges, and restates each and every allegation contained in paragraphs "1" through "22," inclusive, with the same force and effect as if fully set forth herein.

24. EMPIRE provides coverage for any entity or individual who qualifies as an Insured pursuant to the EMPIRE Policy's "Who Is An Insured" provision referenced in paragraph "19."

25. The "Who Is An Insured" provision contains three requirements, each one of which must be satisfied for an entity or individual to qualify as an Insured under the EMPIRE Policy. The renter must have (a) entered into a Rental Agreement with the Rental Agency shown in the Declarations; and (b) elected under the Rental Agreement to purchase optional Supplemental Rental Liability Insurance; and (c) paid for the optional Supplemental Rental Liability Insurance.

26. Defendant JOSEPH ALGERIO does not satisfy each of the three requirements to qualify as an Insured. He entered into a Rental Agreement and initially elected to purchase the optional Supplemental Rental Liability Insurance, but then declined the Insurance and did not pay for the optional Supplemental Rental Liability Insurance.

27. Therefore, Defendant JOSEPH ALGERIO is not an "insured" on the EMPIRE Policy.

28. EMPIRE FIRE AND MARINE INSURANCE COMPANY is entitled to a declaration that it has no obligation to provide defense coverage to JOSEPH ALGERIO for the Underlying DIPPOLITO Lawsuit.

29. EMPIRE FIRE AND MARINE INSURANCE COMPANY is entitled to a declaration that it has no obligation to provide indemnity coverage for the Underlying DIPPOLITO Lawsuit.

**COUNT II**
**DECLARATION BY THE COURT THAT EMPIRE FIRE AND MARINE INSURANCE COMPANY HAS NO OBLIGATION TO DEFEND JOSEPH ALGERIO OR TO PROVIDE INDEMNITY COVERAGE FOR THE UNDERLYING DIPPOLITO LAWSUIT BECAUSE COVERAGE IS EXCLUDED DUE TO THE RENTAL VEHICLE NOT BEING OPERATED BY AN INSURED**

30. The Plaintiff repeats, re-alleges, and restates each and every allegation contained in paragraphs "1" through "29," inclusive, with the same force and effect as if fully set forth herein.

31. EMPIRE FIRE AND MARINE INSURANCE COMPANY's Policy contains an Exclusion for losses arising out of the operation of a Rental Vehicle by a driver who is not an Insured, as referenced in paragraph "20."

32. The driver of the Rental Vehicle was JOSEPH ALGERIO.

33. As set forth in Count I, above, defendant JOSEPH ALGERIO does not qualify as an Insured pursuant to the terms of the Policy due to his failure to pay the premium for the Supplemental Rental Liability Insurance.

34. Since the vehicle was not being operated by an Insured, the Exclusion referenced in paragraph 20 applies and excludes coverage.

35. Therefore, EMPIRE FIRE AND MARINE INSURANCE COMPANY is entitled to a declaration that it has no obligation to provide defense coverage to JOSEPH ALGERIO for the Underlying DIPPOLITO Lawsuit.

36. EMPIRE FIRE AND MARINE INSURANCE COMPANY is entitled to a declaration that it has no obligation to provide indemnity coverage for the Underlying DIPPOLITO Lawsuit.

### COUNT III
### DECLARATION BY THE COURT THAT EMPIRE FIRE AND MARINE INSURANCE COMPANY HAS NO OBLIGATION TO DEFEND JOSEPH ALGERIO OR TO PROVIDE INDEMNITY COVERAGE FOR THE UNDERLYING DIPPOLITO LAWSUIT BECAUSE OF JOSEPH ALGERIO'S BREACH OF THE POLICY'S COOPERATION CONDITIONS

37. The Plaintiff repeats, re-alleges, and restates each and every allegation contained in paragraphs "1" through "36," inclusive, with the same force and effect as if fully set forth herein.

38. EMPIRE FIRE AND MARINE INSURANCE COMPANY'S Policy contains certain Conditions precedent to coverage, as referenced in paragraph "21".

39. If the Court finds that defendant ALGERIO qualifies as an "insured" under the Policy, the EMPIRE FIRE AND MARINE INSURANCE COMPANY Policy requires each and any insured to "fully cooperate" in the investigation, settlement or defense of a loss as a condition precedent to coverage.

40. From the time the claim was made against defendant JOSEPH ALGERIO in or about January 2011, representatives of EMPIRE FIRE AND MARINE INSURANCE COMPANY have attempted to secure defendant ALGERIO's cooperation through multiple and varied means, to no avail.

41. Correspondence was sent to JOSEPH ALGERIO advising of his obligations under the Policy to cooperate and requesting his cooperation. Copies of the correspondence sent to defendant ALGERIO and his attorneys on January 20, 2011, February 17, 2011, February 23, 2011, March 28, 2011 and May 26, 2011 are annexed collectively hereto as **Exhibit "E."**

42. EMPIRE FIRE AND MARINE INSURANCE COMPANY even employed investigators to contact defendant ALGERIO and to secure his cooperation in the investigation, settlement and/or defense of the action.

43. The investigator hired by EMPIRE FIRE AND MARINE INSURANCE COMPANY went to various addresses associated with defendant ALGERIO in an effort to obtain his cooperation.

44. Upon information and belief, on January 30, 2015, the investigator received a telephone call from someone who identified himself as JOSEPH ALGERIO from a blocked number. The person who identified himself as JOSEPH ALGERIO asked the investigator why the investigator was looking for him. When the investigator advised him that it was to discuss his motor vehicle accident of January 16, 2011 and to obtain his cooperation, the person who had identified himself as JOSEPH ALGERIO told the investigator he (the investigator) was "full of shit" and hung up.

45. After the January 30, 2015 phone call, EMPIRE FIRE AND MARINE INSURANCE COMPANY and its investigator continued in its efforts to obtain the cooperation of JOSEPH ALGERIO, without success.

46. JOSEPH ALGERIO's failure to cooperate is in breach of the Policy's Cooperation Conditions set forth in paragraph 21 above.

47.     JOSEPH ALGERIO's activities, including his failure to respond to the many communications sent to him, his refusal to contact the investigator or defense counsel and his comments made during the January 30, 2015 phone call, indicate that his failure to cooperate is willful and avowed.

48.     EMPIRE FIRE AND MARINE INSURANCE COMPANY cannot investigate, settle or defend against the loss without defendant ALGERIO's cooperation and assistance. Such cooperation and assistance is a condition precedent to coverage, as set forth in the Policy.

49.     Therefore, EMPIRE FIRE AND MARINE INSURANCE COMPANY is entitled to a declaration that it has no obligation to provide defense coverage to JOSEPH ALGERIO for the Underlying DIPPOLITO Lawsuit.

50.     EMPIRE FIRE AND MARINE INSURANCE COMPANY is entitled to a declaration that it has no obligation to provide indemnity coverage for the Underlying DIPPOLITO Lawsuit.

**COUNT IV**
**EMPIRE FIRE AND MARINE INSURANCE COMPANY SEEKS A DECLARATION THAT IT HAS NO OBLIGATION TO DEFEND JOSEPH ALGERIO OR TO PROVIDE INDEMNITY COVERAGE FOR THE UNDERLYING DIPPOLITO LAWSUIT BECAUSE COVERAGE IS EXCLUDED DUE TO THE UNDERLYING PLAINTIFF/NOMINAL DEFENDANT DENNISE DIPPOLITO BEING MARRIED TO JOSEPH ALGERIO.**

51.     The Plaintiff repeats, re-alleges, and restates each and every allegation contained in paragraphs "1" through "50," inclusive, with the same force and effect as if fully set forth herein.

52.     EMPIRE FIRE AND MARINE INSURANCE COMPANY's Policy contains an Exclusion referenced in paragraph "22" that excludes coverage for injuries sustained by the spouse of the operator of the rental vehicle.

53. Upon information and belief, the Underlying Plaintiff DENNISE DIPPOLITO is married to JOSEPH ALGERIO.

54. If the Court finds that defendant ALGERIO qualifies as an "insured" under the Policy, the Exclusion cited in paragraph 22 applies and excludes coverage for the Underlying DIPPOLITO Lawsuit.

55. For this reason, EMPIRE FIRE AND MARINE INSURANCE COMPANY is entitled to a declaration that it has no obligation to provide defense coverage to JOSEPH ALGERIO for the Underlying DIPPOLITO Lawsuit.

56. EMPIRE FIRE AND MARINE INSURANCE COMPANY is entitled to a declaration that it has no obligation to provide indemnity coverage for the Underlying DIPPOLITO Lawsuit.

WHEREFORE, the Plaintiff demands:

(1) On the First Cause of Action, a declaration that EMPIRE FIRE AND MARINE INSURANCE COMPANY has no obligation to provide defense coverage to JOSEPH ALGERIO and no obligation to provide indemnity coverage for the Underlying DIPPOLITO Lawsuit because JOSEPH ALGERIO does not qualify as an Insured pursuant to the "Who Is An Insured" Provision of the Policy.

(2) On the Second Cause of Action, a declaration that EMPIRE FIRE AND MARINE INSURANCE COMPANY has no obligation to provide defense coverage to JOSEPH ALGERIO and no obligation to provide indemnity coverage for the Underlying DIPPOLITO Lawsuit because JOSEPH ALGERIO is not an Insured on the Policy.

(3) On the Third Cause of Action, a declaration that EMPIRE FIRE AND MARINE INSURANCE COMPANY has no obligation to provide defense coverage to JOSEPH

ALGERIO and no obligation to provide indemnity coverage for the Underlying DIPPOLITO Lawsuit because JOSEPH ALGERIO has failed to cooperate in the investigation, settlement and/or defense of the loss as required by the Policy's Conditions, which are precedent to coverage.

(4)   On the Fourth Cause of Action, a declaration that EMPIRE FIRE AND MARINE INSURANCE COMPANY has no obligation to provide defense coverage to JOSEPH ALGERIO and no obligation to provide indemnity coverage for the Underlying DIPPOLITO Lawsuit because JOSEPH ALGERIO is married to Underlying Plaintiff/Nominal Defendant DENNISE DIPPOLITO, and the Policy excludes from coverage claims for losses sustained by the spouse of the operator of the rental vehicle.

(5)   For such other and further relief as this Court deems just and proper.

Dated: June 9, 2016

Yours, etc.,
WHITE FLEISCHNER & FINO, LLP

By: _____
Daniel M. Stewart
Attorneys for Plaintiff
EMPIRE FIRE AND MARINE INSURANCE CO.
61 Broadway
New York, New York 10006
(212) 487-9700
Our File No.: 585-19885
E-Mail: DStewart@WFF-Law.com